

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 14, 1947

Hon. Hall H. Logan, Chairman
State Board of Control
Austin, Texas

Opinion No. V-342

Re: Whether employees
seventy years of
age or over in
State service on
September 1, 1947,
must withdraw from
State service as a
condition to rights
and benefits of the
Retirement System.

Dear Sir:

Your letter of July 18, 1947, requests an opinion on the following questions:

"Whether those employees now seventy (70) years or over will be required to leave State Service to enable them to obtain the rights and benefits of the Retirement System."

Your question arises under House Bill 168, Acts 50th Legislature, 1947, Chapter 352, page 697, setting up the Employees Retirement System of Texas.

Employees seventy years of age and over with ten or more years of service on September 1, 1947, the date upon which the Act becomes effective, and who become members of the System, are governed by the provisions of Section 3G of the Act. Its provisions are in literal conflict with Section 5A, hereinafter referred to, but since Section 3G only applies to employees over sixty years of age, with ten years of service who are in service on September 1, 1947, it will control, as a special provision, over the more general provisions of Section 5A. Section 3G provides:

"Any employee who has attained the age of sixty (60) years and has had ten (10) or more years of service when this Act becomes

effective, and who elects to become a member
of the System, may remain in the State's ser-
vice past the age of sixty-five (65) years
as long as he is capable of serving the State
efficiently in any position in which he is em-
ployed, but upon attaining the age of seventy
(70) years such employee shall cease to be a
participating member of the Retirement System
and shall become ineligible to receive any bene-
fits from the System except such benefits to
which he would have been lawfully entitled if
he had retired at the age of seventy (70) years,
provided, however, no person shall ever become
eligible for a service retirement allowance un-
til he has actually retired from the State's
service."

It clearly appears from the foregoing provis-
ions that such an employee is not required to leave the
service in order to obtain the benefits of the Act when
he later retires.

As to those employees seventy years of age and
over with less than ten years of service, who become mem-
bers, Section 4E provides that "no member shall be en-
titled to a retirement allowance until he has accumulated
ten (10) or more years of creditable service in Texas."
Provisions for other benefits under the Act also require
ten years of service. Such an employee member could not
therefore qualify for benefits should he permanently leave
the State's service. He may qualify for benefits only if
he completes the required ten years of service, unless he
is prevented, because of his age, from continuing in ser-
vice and from accumulating creditable service by other
provisions of the law.

Section 5A appears to apply to all other mem-
bers seventy years of age, including those already in
the service of the State on September 1, 1947, with less
than ten years of service on that date. It provides in
part:

"Any member in service who has attained
the age of sixty-five (65) years shall be re-
tired forthwith, provided that with the ap-
proval of his employer he may remain in ser-
vice until seventy (70) years of age, at which
date he shall be retired regardless of posi-
tion with the State."

It is noted that this provision requires "retirement". However, if "retirement" may not be accomplished under the Act as to such person, this provision is not deemed to apply to such person until such time as it is legally possible under the Act for him to "retire."

"Retirement", by the terms of Section 10, "shall mean withdrawal from service with a retirement allowance granted under the provisions of this Act." (Emphasis supplied). Since a retirement allowance may not be granted to a member with less than ten years of creditable service, retirement cannot be accomplished; and, therefore, though he be over seventy years of age, Section 5A would not apply until such a member has accumulated such ten years of service.

It appears, therefore, that instead of qualifying a member seventy years of age with less than ten years of service for benefits under the Retirement System, his leaving the service permanently would prevent his participation in the benefits of the Act.

### SUMMARY

Employees 70 years of age or older in State service on September 1, 1947, who become members of the Retirement System of Texas, and who on that date have 10 years of service with the State, are not compelled to retire on that date in order to obtain the benefits under the System upon later retirement.

In order to qualify for benefits under the Retirement Act, employees 70 years of age or older in State service on September 1, 1947, but with less than 10 years of service on that date, must become members and must continue in service until they have 10 years of service.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

By

ATTORNEY GENERAL.

Ned McDaniel
Assistant

NMe:jmc